IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER CONVERSE HARLING,<br><br>Defendant. | CR 16–18–M–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Christopher Converse Harling's Motion for Early Termination of Supervision. (Doc. 50.) The Government defers to the discretion of the Court. (*Id.* at 1.) The Motion will be denied.

### BACKGROUND

Mr. Harling was sentenced on November 11, 2016, to 24 months incarceration followed by a term of supervised release of 96 months. (Doc. 28.) Mr. Harling was released from BOP custody on March 21, 2018, and began his initial 96-month term of supervised release. Mr. Harling's term of supervision was revoked on January 4, 2023, after Mr. Harling admitted to violating several conditions of his supervised release, including that he had been using his computer to view sexually explicit material through the entirety of his term of supervision, and that he had been untruthful with his Probation officer regarding his viewership

1

of this material. (*See* Docs. 35, 48.) The Court sentenced Mr. Harling to 4 months imprisonment to be followed by 5 years of supervised release. (Doc. 47.) As of the date of this Order, Mr. Harling has served approximately 2 of his 5-year term of supervised release.

## DISCUSSION

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Mr. Harling has served 2 years of his 5-year term of supervised release (Doc. 51 at 5), rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Mr. Harling's supervised release.  Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, because the Court is not modifying Mr. Harling's conditions.

factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

District courts have applied a heightened scrutiny to early termination requests from sex offenders under 18 U.S.C. § 3583(e)(1). In considering the heightened scrutiny of sex offenses, the Court must consider the Ninth Circuit's ruling that "exceptionally good behavior" may justify early termination, but that is not a threshold requirement for a court to exercise its discretion. *United States v. Ponce*, 22 F.4th 1045, 1048 (9th Cir. 2022). *Ponce* also ensures, however, that defendants who demonstrate compliance, stable employment, family commitment etc. are entitled to have their motions evaluated under a less rigid legal standard.

*Id.*

Here, the Court finds that in light of the heightened scrutiny generally applied to sex offenders, consideration of the foregoing factors do not support the early termination of Mr. Harling's remaining term of supervised release. Although Mr. Harling has exhibited a commendable work ethic in maintaining employment and pursuing his academic endeavors, the conduct underlying his previous termination are serious and warrant emphasis. The Court is particularly troubled by the lengthy timeframe Mr. Harling admitted to viewing sexually explicit materials and the fact that he was consistently untruthful with his supervising probation officer, Mark Henkel. Moreover, because Mr. Harling has served only 2 of his 5 years of supervision, the Court believes more time under Court supervision is required.

Accordingly, IT IS ORDERED that the motion (Doc. 51) is DENIED.

DATED this 9th day of April, 2026.

Dana L. Christensen, District Judge
United States District Court

4